H. L. BUMPASS, Executor v. E. T. CHAMBERS and others.

*Executors and Administrators—Legacy—Pleading.*

1. If an executor after sufficient time for settling the testator's estate voluntarily delivers possession of property to a legatee, he must allege and prove *special circumstances* showing that he was in no default, to enable him to recover back the property.

2. In such case where it appeared on the face of the complaint that the executor assented to the legacy; *Held*, to be demurrable.

(*Staley* v. *Sellars*, 65 N. C. 467 ; *Donnell* v. *Cooke*, 63 N. C. 227 ; *Marsh* v. *Scarborough*, 2. Dev. Eq. 551 ; *Chambers* v. *Bumpass*, 72 N C. 429, cited and approved.)

CIVIL ACTION tried at Fall Term, 1876, of PERSON Superior Court, before *Kerr, J.*

The plaintiff is executor of John A. Bailey deceased, under whose will the defendant Elizabeth T. Chambers took

certain real and personal property "during her natural, or single state," with remainder over to the other defendants.

The facts are sufficiently stated by Mr. Justice FAIRCOLTH in delivering the opinion of this Court.

The demurrer of the defendants was sustained by His Honor in the Court below. Judgment. Appeal by plaintiff.

*Messrs. E. G. Haywood* and *A. W. Tourgee* and *Edwards & Batchelor*, for plaintiff.

*Messrs. Graham & Ruffin*, for defendants.

FAIRCLOTH, J. The plaintiff's testator, after providing for the payment of his debts, devised and bequeathed his entire estate to the defendant, E. T. Chambers, during her natural life or single state, with remainders to other defendants. After sufficient time for the settlement of the estate, the plaintiff voluntarily delivered possession of the whole legacy to the tenant for life, which enured to the benefit of the remaindermen.

This action is brought to recover back the possesion of the same property, alleging that the other defendants are the legatees and heirs at law of the testator, that there are some of the debts of his testator unpaid, that he has turned over the legacy to the tenant for life, who has or is about to dispose of the personal property, and that he has filed his final account in the Probate Court.

To this complaint the defendants filed a demurrer on the ground:

1. That the plaintiff should have commenced by "special proceedings in the Probate Court"

On inspection we find that the summons was made returnable before the Clerk of the Superior Court, within twenty days, which has been held sufficient, *Staley* v. *Sellars* 65 N. C. 467.

2. On the ground that it appears on the face of the complaint that the plaintiff assented to the legacy. This is a fatal objection to plaintiff. It is well settled that when an executor assents to and delivers a legacy, he cannot recover it back, or call on the legatee to refund the amount of a debt paid by him afterwards, of which he had no notice at the time he assented, unless he alleges and proves *special circumstances* showing that he was in no default, and relieving him from the imputation of negligence. *Donnell* v. *Cooke,* 63 N. C. 227.

The plaintiff does not allege that since he assented to the legacy, he has paid any debt, nor that he had no notice of it before, nor that he took a refunding bond, and if not, why not; and he fails to set forth a single circumstance tending to bring him within the exception to the rule above stated. He ought to have stated distinctly the matters of fact, out of which his right to relief arises, in order that the defendants might put those matters in issue, and having failed to do so, or even to make the attempt, his complaint would have been demurrable on account of its vagueness. *Marsh* v. *Scarborough,* 2 Dev. Eq. 551.

On the argument it was urged that the allegation that defendant Chambers was about to sell the personalty, gave the plaintiff a right of action under the 5th item of the will, "to see that the property is not wasted." This was disposed of by the decision in *Chambers* v. *Bumpass,* 72 N. C. 429, declaring that the plaintiff in that action was entitled to the use and enjoyment of the legacy, and it is to be presumed that the defendants, all of age, will attend to that matter.

It was also urged that the action could (under Bat. Rev. ch. 45 § 147) be maintained for a final settlement by "setting forth the facts and praying for an account and settlement of the estate committed to his charge;" but he does not propose to do so in his complaint, nor ask for an account, and does not allege that defendants owe *him* anything. It cannot fail to impress any one reading the complaint, that its

sole purpose is the recovery of the possession of the property, which we have seen cannot be done under such circumstances. If the plaintiff has properly managed the estate as required by law, he is safe from the creditors; and if he has not, it is his fault, and the Court cannot help him by disturbing the possession of the legatees.

No error.

PER CURIAM.                                Judgment affirmed.