T. LOWERY and others, Adm'rs v. WILLIAM PERRY.

*Refunding by Distributees—Pleading—Jurisdiction—Practice.*

Administrators declared against distributees upon a written contract without seal, conditioned for the refunding of their estimated shares in the estate, if the same be necessary for the purposes of adminis-

tration, and allege a deficit in the estate by reason of the fact that they were obliged to take back certain property of the estate for which the purchasers had refused to pay; *Held* upon demurrer,

(1) That the foregoing constituted such *special circumstances*, and manifested such diligence upon the part of the administrators, as justified them in calling upon the distributees to refund.

(2) That the benefit conferred by the receipt of the money was a sufficient consideration for the promise to refund.

(3) That it was not requisite that the complaint should set forth an "account of the administration."

(4) That the sum demanded not being in excess of two hundred dollars, the justice's court had jurisdiction.

(5) That it was immaterial as to whether the return of the property by the purchaser to the administrator was before or after the execution of the paper writing by the distributees.

(6) That as the instrument sued on was a simple contract, it was proper that the plaintiff should have demanded judgment for the exact amount of his claim, and no more.

*Held further*, That, the action being on a contract made prior to the adoption of the code, and the plaintiffs declaring in *assumpsit* and asking damages, there could only be an interlocutory judgment and a writ of inquiry to ascertain the damages.

(*Bumpass* v. *Chambers*, 77 N. C., 357; *State ex rel.*, *&c.*, v. *McAleer*, 6 Ired., 632, cited and approved.)

CIVIL ACTION, tried on appeal at Spring Term, 1881, of WAKE Superior Court, before *Schenck, J.*

This action commenced in a justice's court, the defendant being summoned to answer the plaintiff's complaint "for the non-payment of the sum of $68.50 due by account." Before the justice the pleadings were oral—the complaint being for the non-payment of "$68.50 overpaid to defendant as a distributee in the estate of their intestate, William Geoplin, as evidenced by a refunding bond." The defendant at first demurred, but upon his demurrer being overruled, answered, denying the debt, setting up a counterclaim, and pleading the statute of limitations. After judgment against him in the justice's court, the defendant

appealed to the superior court, and when the case was called for trial moved to dismiss the action for want of jurisdiction in the justice's court, but his motion was overruled. By leave of the court the parties then filed written pleadings.

In their complaint the plaintiffs alleged that after paying all the debts of their intestate, they paid to the defendant, as one of his next of kin, in 1867, the sum of $150, the defendant then " executing to plaintiffs a paper writing by which he bound himself *to refund the said sum to plaintiffs*, provided the same was called for by them as administrators." That by reason of their having certain property belonging to the estate, which they had sold, returned to them on account of the refusal of the purchasers to pay for the same, a loss had been sustained ; so that, when their account was taken before the judge of probate, it turned out they had overpaid the defendant the sum of $68.59, which sum he refused to pay, though demanded of him.

The defendant demurred, assigning as cause :

1. That the complaint does not set forth a cause of action, in that, it does not show special circumstances which would authorize the plaintiffs to recover.

2. It does not set forth the account of the administration of the estate.

3. It does not set forth what the paper writing is— whether a bond or note, or the date of it.

4. The court had no jurisdiction of the action.

5. It does not show whether the property alleged to have been returned, was so returned before or after the execution of the paper writing, or the value of the same.

6. It demands judgment for $68.59, and not the amount of the bond.

The court overruled the demurrer and the defendant appealed.

*Mr. D. G. Fowle*, for plaintiff.
*Mr. J. H. Flemming*, for defendants.

RUFFIN, J.   We think His Honor did right in overruling
the demurrer.

1. An administrator who voluntarily distributes the es-
tate amongst the next of kin of his intestate, can not require
them to refund unless he alleges and proves the existence
of some *special circumstances*, such as acquit him of all blame
and imputation of negligence, and may enable a court of
equity to see that it is not consistent with the dictates of a
good conscience that the loss should fall on him. He is re-
quired to be faithful, diligent and discreet. But that he
should demand, when about to make distribution, refunding
bonds from those into whose hands the estate is to pass,
seems, according to all authorities, to be accepted as the
highest evidence of good faith, diligence and discretion.
The very case, cited for the defendant, of *Bumpass* v. *Cham-
bers*, 77 N. C., 357, after laying down the general rule as
above stated, speaks of the fact of his taking such a bond as
one of the *special circumstances* which will entitle him to re-
lief. And so it is with the case of *State ex rel.* v. *McAleer*, 5
Ired., 632, also cited for the defendant.

It is true that in the case last referred to, it was decided
by this court that the refunding bonds which executors and
administrators are authorized by the statute to take in the
name of the state, inure solely to the benefit of the creditors,
and cannot be sued upon in the name of the personal repre-
sentative. But the fact that the law is so held, is the very
reason given by Judge DANIEL, who delivered the opinion
in that case, why the executor should have taken as well a
bond payable to himself as an indemnity against loss. As
the instrument in which this defendant promised to refund
was executed to the plaintiff individually, and as the de-
murrer admits that upon taking the account of the estate it
was ascertained he had been paid too much, the plaintiff
must be entitled to recover, unless there be something to
prevent in the other causes assigned. The defendant says

that the plaintiff should have set forth in the complaint the consideration upon which his promise to refund was based. Has he not done so in the statement that having in his hands after the payment of all debts of his intestate the sum of $150 due the defendant as a distributee, he paid the same to him upon his giving him the paper writing sued on? This surely was a benefit conferred, and must constitute a sufficient consideration.

2. It was not proper that the complaint should set forth the " account of the administration." It states the *fact* that the result of taking the account was to show that defendant had been advanced the sum of $68.59, more than his full share of the estate, and that was all on that point it should have stated. It is never proper that pleadings should be encumbered with the statement of legal conclusions, or of the evidence to be offered in support of the party's claim.

3. It is not stated in the complaint that the paper writing was under seal, and the presumption therefore is that it was not.

4. Inasmuch as the action is founded on contract and the sum demanded does not exceed two hundred dollars, the justice's court not only had jurisdiction of it, but was the only court known to our law that did have it.

5. The complaint seems to admit of but one construction, and that is, that the property alleged to have been returned, was in fact returned after the execution of the paper writing, but whether before or after is perfectly immaterial.

6. As the instrument sued on was a simple contract, it was proper that the plaintiff should have demanded judgment for the exact amount of his claim, and no more.

As the action is founded on a contract made prior to the adoption of the Code of Civil Procedure, it is governed by the law existing prior thereto, and upon the overruling of the demurrer the plaintiff is entitled to his judgment. But as he declares in assumpsit and seeks to recover damages,

the judgment can only be interlocutory, and the amount of his damages must be ascertained by a jury.

Judgment of the court below affirmed and the demurrer overruled. Judgment for plaintiff, and the cause remanded that there may be an inquiry to ascertain plaintiff's damages.

No error.                                    Affirmed.