# WHEELING.

LYNCH, ADM'R *v.* HENRY *et als.*

Submitted September 9, 1884.—Decided March 21, 1885.

1. *State of W. Va.* v. *Low*, 21 W. Va. 678, and *Winans* v. *Winans*, 22 W. Va. 678, approved and the principles laid down in those cases applied. (p.    .)

2. *Thompson* v. *Catlett*, 24 W. Va. 525, approved and the principles of chancery practice, in reference to exceptions to commissioner's reports decided in that cause commented on and applied in this cause.  (p.      .)

Statement of the case by GREEN, JUDGE·:

Jacob Lynch, administrator *de bonis non* with the will annexed of Isaac Lynch, at the April rules, 1880, filed in the circuit court of Harrison county his bill to subject to the payment of a judgment of said court, which he had obtained against Eugene Henry, a tract of land owned by Eugene Henry in Doddridge county, West Virginia, containing 323 acres. He made certain parties alleged to have liens by judgment or otherwise defendants. The bill was afterwards amended by making certain other judgment-creditors and lienors parties. The answers of numerous defendants to this bill and the amended bill were filed; but it is unnecessary to state the contents of any of them. On June 15, 1881, the cause was regularly heard, and with consent of the defendant Eugene Henry the cause was referred to a commissioner to ascertain and report, what land Eugene Henry owned that is liable to the liens named in the bill and the amended bill and any other liens thereon and the respective priorities of these liens, what amount if any is due on them, and which should be collected out of the purchase-money payable by Henry to H. B. Fleming, commissioner referred to in Fleming's answer; and whether the rents and profits of said lands will pay the liens on said land in five years, and that publication be made for four weeks in some newspaper in this county of the time and place of executing this order, which should be equivalent to personal service of notice on the parties interested.

On February 3, 1882, an order was entered in said cause reciting, that the judge of the circuit court of Harrison county was present in court but could not properly preside at the trial and hearing of this cause, and that the clerk proceeded to hold an election to elect a judge for the trial of the cause, and that thereupon the attorneys present and practicing in the court and entitled to vote by ballot elected Thomas W. Harrison, who is an attorney admitted to practice in that court, a judge to try this cause. The commissioner had in

the meantime made his report pursuant to the order of reference after giving the notice required. The cause was before the commissioner from August 22, 1881, to November 1, 1881, and after completing the report it remained in the commissioner's office for two months, and was then returned to the clerk of the circuit court of Harrison, no exceptions having been filed by any person interested, while the report was in the commissioner's office. At the next term of the court on January 22, 1882, Eugene Henry by his counsel filed ten exceptions to the report, nine of which were because the proof before the commissioner was insufficient to support his report; that the vendor's lien on the land was paid; that there is not and will not be money in Fleming's hands from said Kinney, it having been all disbursed under the order of the court in another suit, and because there was not before the commissioner any evidence sufficient to establish eight other judgments reported as liens on the land of Eugene Henry. But these nine exceptions are not more particularly set out, as there was no request by any one made to the commissioner, while the cause was before him, to report or return with his report any of the evidence taken before him nor exceptions to his report, before it was returned to the clerk's office.

The only exception for error on the face of the report was the tenth exception, which was, that the commissioner did not report the priority of the liens and did report debts which were not liens. The liens reported are all judgments, and they are arranged in the report in the order of their rendition, and the date of each judgment is given, and there is nothing on the face of the report to show that any of the debts reported were not liens, but it appears on the face of the report, that they were all liens.

The special judge on the day he was elected, February 3, 1882, after the plaintiff had filed in court copies of certain of these judgments, heard the case on this report and exceptions and sustained six of these exceptions, overruling the others; but being of opinion that the errors in said report could be remedied without recommitting the same, ordered, that the cause be continued for proof as to these errors or supposed errors. At the next term of the court, the special judge being on the bench, the cause was heard upon the

papers heretofore read, answer of Eugene Henry, replication thereto, upon said report of Commissioner Hornor, to which exceptions were filed by Eugene Henry, and which exceptions were sustained as to the judgments reported in favor of Mathew G. Holmes and David Gosorn and overruled as to the others, and upon depositions of John Remlinger and E. Maxwell. On consideration whereof it appeared to the court, that the following judgments were liens upon the land of said Henry in the order hereinafter stated. Then follow in the decree in their order various judgments against said Henry fully stated as to whom due and their amount and from what time interest was to be calculated and the costs decreed and the total amount of the judgment debt, interest and costs up to the date of the decree. And this decree then proceeds as follows:

"And it further appearing from the report of said commissioner Hornor, that the rents and profits of the land of said defendant Henry for five years will not pay the liens aforesaid, it is adjudged, ordered and decreed that unless the said Henry shall within twenty days from the date of this decree pay to the plaintiff his costs herein expended, and to the lienors aforesaid the said several sums ascertained to be due them, the judgment of Lloyd Lowndes to be paid to R. T. Lowndes, administrator of Lloyd Lowndes, deceased, that John Bassel who is hereby appointed a commissioner for the purpose, shall sell said land in the bill and proceedings in this cause mentioned, before the front door of the court house of Doddridge county, on some day during a term of the circuit or the county court of said county, for one-fourth cash in hand, and the residue on a credit of twelve, eighteen and twenty-four months, taking from the purchaser notes with approved security, and retaining a lien upon said land as additional security. Said sale to be advertised for four weeks prior thereto in some newspaper published in said county of Doddridge, if any, and by printed notice posted at the front door of the clerk's office of the county court of said county of Doddridge, and at some public place at the village of Greenwood, in said county, for a like period. Before collecting or receiving any of the proceeds of such sale, said commissioner shall execute bond in the penal sum of $3,500.00, con-

ditioned according to law, and he is required to report his proceedings hereunder in order that a further decree may be made herein. Said sale may be made in front of or at the front door of the building in which the said circuit or county court of said county may be actually held or sitting. But this decree is without prejudice to the right of Mathew G. Holmes and David Gosorn to make the amount of their judgments out of any other property of the said Henry other than said land."

An affidavit of Eugene Henry is copied in the record and is stated by the clerk to have been lodged among the papers of the cause; but it constitutes no part of the record. The deposition of John Remlinger referred to in this decree was taken May 2, 1882. It proves that a judgment in favor of W. J. Kester, assignee of John Remlinger, belonged to Kester and was properly audited in his favor, having been assigned to him by John Remlinger. The deposition of Edwin Maxwell referred to in said decree taken at the same time proves the correctness of the commissioner's report in the matter covered by the first exception of Henry to the report. This deposition was excepted to, because it shows, that there was better evidence in existence to prove what was proven by Maxwell. This exception was not referred to in the decree.

To this decree of June 4, 1882, an appeal and *supersedeas* has been granted. The petition for the appeal sets out the following grounds of error:

"1. All the proceedings had before the Hon. Thomas W. Harrison, 'special judge,' are void because the statute under which he undertook to perform the functions of a judge of the circuit court of Harrison county *in a particular case*, is unconstitutional and void. (*Vide* sec. 15, art. VIII, amended constitution of 1880; Acts 1881, ch. 3, sec. 2.

"2. It was error to decree that your petitioner's land would not rent for enough in five years to pay the liens against it, because there was no evidence before the court or the commissioner tending to show that to be true.

"3. It was error to overrule your petitioner's exception to said commissioner's report respecting the claim of V. E. Dotson, because the evidence offered to prove said judg-

ment disclosed that no lawful judgment had ever been rendered.

"4. It was error to overrule your petitioner's exception to said commissioner's report respecting the judgment of R. H. Dew against your petitioner, because there is not the slightest suspicion of evidence that such a judgment ever existed.

"5. It was error to overrule your petitioner's exception to said commissioner's report respecting the judgment reported in favor of B. F. McKeehan against your petitioner, because there was not, nor is there yet, any evidence of the existance of such a judgment.

"6. It was error to read the deposition of E. Maxwell, because the exceptions thereto were well taken.

"7. It was error to read the deposition of John Remlinger, because taken without notice to your petitioner, neither he nor his counsel being present at the time of taking the said deposition or knowing of the taking of said deposition.

"8. It was error to render said decree and decree a sale of your petitioner's land before the court had ascertained whether the lien retained in the deed from A. B. Fleming, special commissioner, to Snowden S. Kinney (your petitioner's grantor), had been discharged. (*Vide* answers of A. B. Fleming and petitioner and decree of June 1, 1882.)

"9. It was error to decree to Wm. J. Kester the Remlinger judgment, because aside from Remlinger's deposition the proof therefor was insufficient.

"10. It was error to confirm said commissioner's report without proof of all the facts found by him being returned with his said report, and also proper evidence of his having made the report in pursuance of the former order of the court.

"For these and other errors in said record appearing, your petitioner prays that an appeal be allowed him and that said cause may be reviewed and reversed."

*A. L. Husted* for appellant.

*John Bassel* for appellee.

GREEN, JUDGE:

It has been decided by this Court in the case of the *State* v. *Lowe*, 21 W. Va. 782 and in *Winans* v. *Winans*, 22 W. Va. 678, that there is nothing in the first assignment of error; and it must be overruled. Under the decision in *Thompson* v. *Catlett*, 24 W. Va., points 5, 6, and 7 of the syllabus p. 525 all the other nine assignments of error in the petition of the appellant must be overruled. On page 541 this Court says: "By section seven of chapter fifty seven of Acts of 1882 it is provided, that, when the commissioner has completed his report, unless it is otherwise ordered by the court or agreed by the parties, he shall retain it ten days for their examination. Any party without being at the expense of taking a copy may inspect the report and file exceptions thereto. But any party may except to such report at the first term of the court to which it is returned or by leave of the court after said term. It will be observed that unless his report is excepted to during the ten days he retains it for examination, he is neither expected nor required to return with it the evidence which was before him and on which he acted, but it is only when his report is excepted to, while it remains in his office, after it is completed, that he is required to return any of the evidence before him, and even then he is only required to return that part of the evidence, which was before him in regard to the matter excepted to, upon which he acted in making up his report. If therefore the commissioner's report is not excepted to, while it remains in his office after it is completed, the evidence, which was before him, and upon which he acted, forms no part of his report, unless specially made so by the report itself or the order of the court. It follows therefore in almost every case, that, when there are no exceptions to his report filed with the commissioner, the court, to which it is returned, can not have what evidence was before him, and must therefore presume that he had sufficient evidence to sustain his report, or else the party injured thereby would have excepted."

I am satisfied, that the practice thus held by this Court to be correct, though it is so obviously fixed by the seventh section of the Acts of 1882 (see page 110 of said Acts of 1882,) is very often disregarded by our circuit courts, as it was

in this cause.   In this cause the matter referred to the commissioner was pending before him from August 22, 1881, to November 1, 1881, when the report was completed.   The commissioner retained it in his office for two months till December 31, 1881, and no exceptions were filed to the report by any of the parties.  The commissioner did not return with his report the evidence, on which it was based.   In this he acted properly; for he had not been required by the order of reference to return any of the evidence taken before him with his report, no one had filed any exceptions before him nor asked him to return any of the evidence, on which he based any part of his report.

The proper place in a case of this character for parties to make up their issues and carry on their controversies in reference to any debts or liens against the judgment-debtor or his land or any other matters referred to the commissioner is before the commissioner, and while the cause is before him on the order of reference.   If the commissioner decides any of these points of controversy wrong in the judgment of any of the parties, when he has made up his report, wherein his judgment on these controverted points appears, it is the duty of any party, who regards the commissioner as having decided any point wrongfully and to his prejudice, to except to the report on this point and request the commissioner to send up with his report all the evidence before him on the point, so that the court may inspect it and thus have an opportunity to review the decision of the commissioner.   If any of the parties desire to take further evidence on the disputed point, he should ordinarily be allowed to do so, and in the words of this seventh section of chapter fifty-seven of Acts of 1882, " the commissioner should with his report return the exceptions and such remarks thereon, as he may deem pertinent, and the evidence relating thereto."   If, after this exception is thus filed and this additional evidence taken, any should be taken—the commissioner, as directed by the statute, should make his remarks thereon—should state, whether in his judgment there be an error in his report on the point excepted to; and if there be, he should correct it and make out his statement of the account as thus modified by such correction.   And then the court on this point or points at the next

term of the court passes upon this report and sustains the original report or the corrected report, if it has been corrected, or the exception to the report, if the commissioner himself had not sustained it and corrected it accordingly.

It is true that this seventh section of chapter fifty-seven of Acts of 1882 does provide, that "a party may except to such report at the first term of court, to which it is returned, or by leave of the court after said term." But as the court does not have this evidence before it, on which that report is made, unless where the evidence or the portion of it on a particular point is returned with the report, as it usually is not and generally should not be, of course such exceptions made at the term of the court would ordinarily be an exception only to an error on the face of the report, or it might be an error appearing from the evidence, which the commissioner may have chosen to send up with his report as a part thereof, which in fact is but an exception for an error appearing on the face of the report.

It is true as stated in *Thompson* v. *Catlett*, 24 W. Va. 540, the evidence before the commissioner on particular points must be brought before the court "by order of the court" and at the instance of some party, in order that the court may act on the exceptions filed at the term of the court, and not before the commissioner. But as the party asking the court by its order to direct such evidence to be sent up, that it be examined on the hearing of an exception filed at the term of that court, is in default in not filing his exception before the commissioner, such a request to make such an order should not be granted as a matter of course; and, before it is granted, the court should be satisfied by affidavit or otherwise, that justice to the parties in the cause requires that this evidence before the commissioner on the point excepted to during a term of the court should be brought before the court; and the court should be well satisfied, that the object of filing such exception at the term of the court instead of before the commissioner was not to delay the hearing of the cause on its merits, and was not to get an unfair advantage by objecting to informal evidence heard by the commissioner, when the cause was before him and not then objected to by any party. For

such informal evidence, such as affidavits or other evidence not technically legal, if heard or taken before the commissioner, would probably be such as could have been supplied by depositions or other evidence, which would have been strictly legal, had any objection been made to them or exception taken to the report, while it was before the commissioner, on account of such informal evidence having been taken or considered.

In the case before us the report of the commissioner was made and acted upon before the act of 1882 took effect; but the portion of section seven chapter fifty-seven of Acts of 1882, on which the above remarks are based, is identical with section seven chapter one hundred and thirty of the code then in force, when this report was made and acted upon. As no exceptions were filed to the commissioner's report, while the cause was before the commissioner, and as there were no errors on the face of the report, and none of the evidence before the commissioner had been returned to the court, and all the exceptions of the judgment-debtor, Henry, were for errors based on the insufficiency of the evidence before the commissioner to sustain certain liens, which the commissioner had reported against the judgment-debtor, the court should have overruled all the exceptions to the commissioner's report in its decree of February 3, 1882, and should have confirmed the report and ordered a sale of the real estate of the judgment-debtor, such as was made by the court on June 1, 1882. But instead of doing this the court in its decree of February 3, 1882, obviously examined the evidence, which had been taken before the commissioner, when the cause was before him, though it had not been returned as a part of the report, and finding no evidence to sustain certain judgments reported as liens it sustained some of Henry's exceptions to the report, but did not recommit the cause, because it was obvious, that the evidence to support these judgments could be readily supplied, if the cause was simply continued, and this being done, this evidence was supplied, and on June 1, 1882, a decree of sale was made, which could properly have been made on February 3, 1882.

If the counsel of Eugene Henry had moved the court on

February 3, 1882 to order that the evidence, on which the judgments, to which he had excepted, should be sent up to the court, the court should have refused to make any such order; for the exceptor, Henry, had, while the cause was before the commissioner after the making of the report auditing these judgments, the most ample time to file exceptions to the report, such as he afterwards filed; and as the record shows no reason why he did not, the inference must be drawn, that he did not file these exceptions before the commissioner, because he knew that there was really no justice in them, and that the formal proof wanting to sustain the affidavits could have been at once supplied. The evidence shows satisfactorily, that the ten exceptions filed at the term of the court were simply filed to prevent at that time a decree for the sale of the exceptor's land.

I presume that in some cases the commissioner had looked at the order-book of the court rendering some of the judgments and acted on information thus obtained in auditing them, instead of requiring, as he should have done, attested copies of all these judgments to be filed with him. But if these exceptions had been made before the commissioner, the proper evidence could have been at once produced.

Of course the appellant was not prejudiced by the court reading the depositions of E. Maxwell and John Remlinger, as the same decree for the sale of his land should have been made, had these depositions never been taken. There is no evidence that they were taken without notice, and not being excepted to on that account no such objection could be taken to them in this Court. The presumption is they were taken on due notice. An affidavit of Eugene Henry made to obtain another continuance of this cause before a decree of sale has been copied into the record; but it constitutes no part of the record never having been filed or acted upon by the court below. But if it had been a part of the record, it showed no sort of ground for a continuance. It was an affidavit, that a judgment against him in favor of Gosorn amounting to $26.29 had been audited, and that he could prove by Gosorn himself, that it had been paid by affiant, and giving excuses for not having taken Gosorn's deposition. But as it appears, that he could have proven this pay-

ment himself, he is entirely without excuse in not having done so.

For these reasons the decree of the court of June 1, 1882, must be affirmed, and the appellee, Jacob Lynch administrator *de bonis non* with the will annexed of Isaac Lynch, must recover of the appellant, Eugene Henry, his costs in this Court expended and thirty dollars damages.

AFFIRMED.