J. L LYLE, Adm'r c. t. a. of D. W. SILER, v. MARTHA J. SILER.

*Records, Presumption in Favor of—Assignment of Errors— Administrators, Removal of—Mistake—Money Paid By.*

1. The presumption is in favor of the regularity and correctness of the proceedings below, and error will not be presumed unless it is assigned and shown. Therefore, when it appears from the record, that, upon affidavit, the plaintiff obtained an order for service, by publication of summons, on a non-resident defendant, and that there was affidavit of the publisher of a newspaper that publication was made, this Court will not presume any defect in the service, in the absence of assignments specifying the particular defects here insisted on.

2. In a proceeding by an administrator against the non-resident widow of a decedent who had not, for several years after his death, applied

for letters of administration, she cannot be heard to say that the letters granted to the plaintiff were void, because she was the widow and had not waived her right to administer; at most, the appointment was only voidable and could be attacked only by a direct proceeding to remove the plaintiff.

3. When it appears that the appointment of the plaintiff as administrator was *void*, a defendant can avail himself of a plea of *ne unques executor*.

4. While a sum, which has been carelessly, voluntarily and without reasonable enquiry, overpaid as a legacy or distributive share, before the settlement of an estate, cannot be recovered by an executor or administrator; but when an overpayment was made to a legatee after the settlement of the estate, from which it was due, not officiously and voluntarily, but by *mistake* (of fact), the sum overpaid can be recovered.

This is a PETITION to obtain a license to sell land to make assets to pay debts of a testator. The pleadings raised issues of fact, and the proceedings were transferred to the Court in term and heard before *MacRae, J.*, at Fall Term, 1888, of the Superior Court of MACON.

The following are the material parts of the case settled on appeal:

"The petitioner put in evidence the will of Jacob Siler, with the probate and qualification of this plaintiff, J. M. Lyle, and of T. H. Siler, as executors thereof.

"The following facts are admitted :

"That plaintiff, J. M. Lyle, as executor of Jacob Siler, deceased, on the 16th of August, 1883, by mistake, overpaid to D. W. Siler, who was one of the legatees under the will of Jacob Siler, the sum of $92.87 as his share under said will.

"That said D. W. Siler lived out of this State since 1870, and died in December, 1883.

"That a final settlement was made by the executor of the estate of Jacob Siler on the 16th of August, 1883.

"That plaintiff, on the 13th day of December, 1887, took out letters of administration on the estate of D. W. Siler,

deceased, with the will annexed, no letters testamentary having been issued in this State before that time.

"That Martha J. Siler, the defendant, is the widow and devisee under the will of D. W. Siler, and lives in Washington Territory.

"The defendant contended that the granting of letters of administration to the plaintiff was void, for the reason that defendant had not waived her right to take out letters. Defendant further contended that on the evidence the plaintiff had shown no debt against the estate of D. W. Siler; that the overpayment to said Siler by the executor was an officious act, and that plaintiff was not entitled to recover it.

"The Court refused to instruct the jury to the above effect, and defendant excepted." ·

There was a verdict and judgment for the plaintiff, and the defendant, having excepted, appealed to this Court.

*Mr. Theo. F. Davidson*, for the plaintiff.
*Mr. Chas. A. Moore*, for the defendant.

MERRIMON, J. (after stating the case). The record in this case is not as full and satisfactory as it might and should be; and it fails to raise questions that seems the appellant intended to present. The presumption is in favor of the regularity and correctness of the rulings, orders and judgment of the Court, it being one of general jurisdiction, and the burden is on the appellant to show error. It is her laches or misfortune if she fails to do so when she can. We must accept and act upon the record as it comes to us. It is not our province to assign or perfect the assignment of errors. *Spillman* v. *Williams*, 91 N. C., 483, and the cases there cited.

The Sheriff returned the summons unexecuted because the defendant, the appellant, could not be found. It appeared that she was a non-resident of this State, and there was ser-

vice of the summons by publication. Counsel for the defendant made a special appearance, and moved to dismiss the proceeding "for the reason that the affidavit upon which the motion for an order of publication is made is defective." The Court denied the motion, and this is assigned as error. Neither the affidavit nor the substance of it is set forth in the record, nor is it stated wherein it is alleged to be defective. It appears by the record that, upon affidavit, the plaintiff obtained an order of publication, and the affidavit of the publisher of the newspaper that it was published, and thus there was service of the summons. The presumption, in the absence of anything appearing to the contrary except mere suggestion, is, that the affidavit and order of publication were sufficient, and the service by publication was properly made. If the affidavit was defective, the appellant should have set it forth in his assignments of error, and specified therein the particular defects insisted upon. The appellant contends that the letters of administration granted to the plaintiff were void, for the reason that she, being the surviving widow of the testator, had not waived her right to take such letters. This contention is without force.

It does not appear that she was named in the will as executrix thereof, or that any executor was appointed. It does appear that she was a non-resident of the State, and that for a long while, several years, she had failed to apply to be allowed to have such letters. Therefore, the appointment of the plaintiff to be such administrator was not void; at most, it was only voidable, and the objection that he had not been regularly appointed could not be successfully made in this proceeding. Steps should be taken in a direct proceeding for the purpose to remove him, to the end the proper person might be appointed. *Garrison* v. *Cox*, 95 N. C., 353, and the cases there cited. It would be otherwise, however, if the appointment had been absolutely void and this appeared. Indeed, when the appointment was so void, the

defendant might avail himself of the plea of *ne unques* executor.

The appellant further contended that the plaintiff's claim was not a valid debt against the estate of his testator, upon the ground that the overpayment mentioned to his testator " was an officious act." It was not contended that such overpayment was occasioned by a *mistake of law*, or that the plaintiff was not entitled to be paid the sum of money paid by mistake on any other ground than that it was paid officiously. It was admitted that it was by " *mistake* overpaid to D. W. Siler (the plaintiff's testator), who was one of the legatees," etc. That there was mistake and overpayments of money supposed to be due to the legatee, implies that such payment was not voluntary or officious. It was so paid because the parties supposed that it was due to the testator as part of his legacy, when in fact it was not. Moreover, it was so paid after the final settlement of the estate from which the legacy was due to the plaintiff's testator. It was admitted, certainly by implication, that the plaintiff should be paid as he claims, if the overpayment was not voluntary. *Pool* v. *Allen,* 7 Ired , 120 ; *Newell* v. *March,* 8 Ired., 441 ; *Adams* v. *Reeves,* 68 N. C., 134 ; *Commissioners* v. *Commissioners,* 75 N.C., 240.

This is not like the case when an executor or administrator, carelessly, negligently, and voluntarily and without reasonable inquiry, pays legacies or distributive shares before the estate is settled, and afterwards finds that he has overpaid the legatee or distributee and seeks to recover the sums overpaid. In such cases he cannot recover, unless he can show reasonable diligence on his part in ascertaining the condition of the estate, and special circumstances that reasonably mislead him in making such payments. This is so, because it is the duty of the executor or administrator to conduct and close the administration of the estate according to law, and it would be unjust and vexatious to mislead.

and embarrass the legatee or distributee by paying his legacy or share and afterwards, he being in no fault, compelling him to repay what had been so paid to him. *Marsh* v. *Scarboro*, 2 Dev. Eq., 551; *Donnell* v. *Cooke*, 63 N. C., 227; *Bumpass* v. *Chambers*, 77 N. C., 357.

No error.　　　　　　　　　　　　　　　Affirmed.