GAGE and another, Appellants, vs. ALLEN and others, Respondents.

*November 17 — December 11, 1894.*

(1) *Replevin: Delivery to assignee of defendant: Unauthorized undertaking: Voluntary payment.*  (2) *Trial of one only of two causes of action: Jurisdiction.*  (3) *Judgment.*  (4) *Appeal: Matter in bar: Motion to dismiss.*

1. In an action of replevin against his assignor, an assignee for the benefit of creditors obtained a delivery of the goods to himself by giving to the sheriff an undertaking that if they were adjudged to

Gage and another vs. Allen and others.

be delivered to the plaintiffs he would make such delivery or pay the amount of any judgment recovered by the plaintiffs, not exceeding the amount which he should receive from the sale of the goods. Such undertaking and such delivery to the assignee were without authority of law. The judgment in the replevin action was that plaintiffs were entitled to the possession of the goods; that they were of the value of $1,000; that the sheriff deliver them to plaintiffs; and that plaintiffs recover costs. The plaintiffs notified the assignee of such judgment, and demanded that he deliver the goods to them or pay the adjudged value thereof and the costs. The assignee, supposing that he was liable on his undertaking, paid the plaintiffs $600 as the proceeds of the sale of the goods, taking a receipt stating that such payment should apply on the judgment in the replevin action. There was no evidence that such payment was procured by fraud or misrepresentation. *Held,* that the mistake, if, any, under which the payment was made was a mistake of law, and that the payment was voluntary and could not be recovered back.

2. A trial of the issues upon one of two causes of action stated in a complaint, pending an appeal from a judgment on the other cause of action, is *held* in this case not to have been without jurisdiction.

3. Where the plaintiffs offered no evidence in support of the complaint, and no evidence in relation to it was offered by defendants, and there was no finding by the jury in respect to it, a judgment for defendants on the merits was erroneous.

4. The objection that an appeal is barred by the dismissal of a prior appeal for want of prosecution must be made by motion in writing, regularly noticed, under Supreme Court Rule II.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

The complaint contains two causes of action, the first being for the conversion of personal property covered by a chattel mortgage, and the second upon an undertaking which had been given by the defendant Allen and others to obtain possession of said property from the sheriff, who then held it in an action of replevin commenced by the plaintiffs herein. The separate answer of the defendant *Allen* contains a counterclaim to the second cause of action, for $600

paid to the plaintiffs. A statement of the facts down to the time when the former judgment rendered in favor of the plaintiffs on the second cause of action stated in the complaint, without determining the first cause of action therein, was reversed, will be found in 84 Wis. 323, with reasons for such reversal.

A trial of the first cause of action was had in September, 1891, which resulted in a judgment for the defendants *Allen, Cosgrove*, and *Dunn*. After the cause was remanded from this court to the circuit court, and as the same was about to be tried as to the second cause of action, the plaintiffs appealed to this court from the judgment rendered against them on the first cause of action, and claimed that the circuit court had no jurisdiction, pending such appeal, to proceed to a trial of the issues as to said second cause of action; but the court overruled the objection and proceeded with the trial, the plaintiffs declining to introduce any evidence. After a considerable portion of the defendants' evidence had been introduced, but before the close of the trial, the defendants' attorneys, without notice to or knowledge by the plaintiffs' attorneys, satisfied or attempted to satisfy the judgment on said first cause of action by writing upon the judgment docket, opposite the docketing of said judgment, a formal satisfaction thereof.

The evidence introduced related wholly to the issue on the counterclaim of the defendant *Allen* to recover back the $600 he had paid to the plaintiffs' attorney, which was interposed to said second cause of action, in substance, that on the 24th of February, 1888, the plaintiffs' attorney, representing them, stated and represented to *Allen* that he had recovered for the plaintiffs judgment against him (*Allen*) of $1,000, which he must pay at once or he would bring suit against him and his bondsmen for its recovery, and that he (*Allen*) would in that case be compelled to pay that sum and costs, and that, relying on such statements and believ-

ing them to be true, he paid said attorney, for the plaintiffs, $600; that the plaintiffs had no judgment against him, and had no just or lawful claim against him, other than the suit herein, and that said payment was made entirely through mistake as aforesaid, because he relied on said representation of the plaintiffs' attorney; that the plaintiffs refused to repay said sum, and he demanded judgment for it, with interest.

The defendant *Allen* having been sworn as a witness, plaintiffs objected to the introduction of any evidence under the counterclaim on the ground that it did not state facts sufficient to constitute a cause of action, but the objection was overruled. He testified that he was the assignee in the voluntary assignment of Elizabeth Wayland, and after the judgment in the case of *Gage et al. v. Wayland* he had a conversation with the plaintiffs' attorney, Doolittle, in reference to the matter, in February, 1888, in his store; that he had received a notice that they had secured a judgment against him in the supreme court of $1,000, with $200 or $300 costs; that he paid no immediate attention to it; that Doolittle demanded a settlement of this matter; that he told him he knew nothing about it, more than what the paper said; that Ellis, his attorney, was away, and there was nobody about the office who knew anything about it; that Mr. Doolittle pressed and even insisted it must be settled at once; that he wanted to wait until he heard from Ellis, but Doolittle would not do that; that, unless settled, he said, he would have to take some action in the matter; that he consulted Mr. Sutherland, an attorney, but he was not able to advise him about the matter; that Doolittle threatened not only to make seizure of the goods, but to enter his store, and, "by process, threatened to make me pay for those goods, and he said there must be no delay about it, but it must be done at once." He would not wait until Mr. Ellis came. "I finally told him I would pay him all the money

I had of the proceeds of the property, and he finally accepted that, and he gave me a receipt for it. I wanted that to liquidate or to pay the debt, but he wouldn't give me a receipt covering that. He said he would write the plaintiffs, and see what they would do. If they would accept of it, he would urge them to do so, but it seems they didn't." A receipt was given for the money, as follows:

"$600.                    Eau Claire, Wis., Feb. 24, 1888.

"Received of *Edward W. Allen* six hundred dollars to apply on the judgment in *Albert S. Gage* and *Eliphalet B. Gage*, plaintiffs, *vs. Elizabeth A. Wayland*, defendant, it being understood and agreed on behalf of the plaintiffs that no further proceedings shall be taken therein for the balance of said judgment for at least sixty days, and that this payment is made without prejudice to any rights said *Allen* may now have, and further that no other creditor shall be allowed in any way to use said judgment.

"$182 more will satisfy said judgment.

"[Signed]      L. A. DOOLITTLE, Plaintiffs' Attorney."

The notice referred to by the witness was entitled in the case of *Albert S. Gage et al. v. Elizabeth A. Wayland*, and was as follows:

"*To Edward W. Allen, R. J. Kepler, and S. E. Brimi:* You are hereby notified that on the 12th day of November, 1887, the plaintiffs recovered judgment against the defendant for $224.31 costs, and that in said judgment it is adjudged that the value of the goods in controversy is $1,000, and that the sheriff deliver said goods to the plaintiffs; also that we have demanded said goods of the sheriff, and he has refused to deliver them to us. We now ask you to deliver said goods to our attorney, L. A. Doolittle, for us, and to pay said sum of $1,000, their adjudged value, to him for us, and said $224.31 costs. Said judgment was entered and docketed in said court on November 12th, 1887.      ALBERT S. GAGE and ELIPHALET B. GAGE."

Witness further said: "I understood that the judgment was against me. That was the inference that I drew when he said he would proceed to make an attachment of my goods and property and sell them to satisfy the judgment. I paid the money as the result of that conversation and statement." He further testified that the assignment was executed two or three hours after the chattel mortgage,— but it appears in the case that it was after the goods had been replevied,— and that a bond was executed, in substance as stated in 84 Wis. 323, to the effect that if the sheriff should deliver the goods to *Allen*, he (*Allen*) would pay such judgment as might be rendered in the *Wayland Case*, or return the goods to the sheriff; that he supposed the judgment was against him, as Mrs. Wayland was not responsible, and he had given, with *Brimi* and *Kepler*, the bond; that he knew that judgment had been rendered against Mrs. Wayland, and paid the $600 under the agreement expressed in the receipt, and *because he understood that he and Kepler and Brimi were liable on the bond which he had given;* that he had an impression that he had to pay the money he had in his possession; that he received the notice the day before he paid the money, and consulted Sutherland about it, and he and Doolittle and Sutherland met in relation to the matter in his store.

The court charged the jury as follows: "Here a party has paid out money which he received as assignee, and paid it to a creditor that was not entitled to it. He has got to account for that money when he comes to settle this estate, and I think that is such mistake of fact that he is entitled to recover it back and pay it to the creditors who are entitled to it." And he directed the jury to find a verdict for the defendant for $600 and interest from the time of the demand for return of the money, being $804.75. Motion to set aside the verdict and for a new trial was denied, and judgment was given thereon in favor of the defendant *Allen*

and against the plaintiffs, with costs, and in favor of the other defendants for costs. The plaintiffs appealed from the entire judgment.

For the appellants there was a brief by *Doolittle & Shoemaker*, and oral argument by *L. A. Doolittle.* They argued, among other things, that pending the appeal by plaintiffs from the first judgment against them the circuit court had no jurisdiction to try the cause. Elliott, App. Proc. §§ 398, 541–544, and cases cited; *Ensminger v. Powers*, 108 U. S. 302; *Kimberly v. Arms*, 40 Fed. Rep. 548. Dismissing an appeal for failure to comply with a rule of court leaves the case as if there had been no appeal. *Wallace v. Carter*, 32 S. C. 314; *Fagan v. McTier*, 81 Ga. 73. An order of dismissal does not preclude another appeal. *State v. Ferguson*, 42 La. Ann. 643; *Bunting v. Salz*, 22 Pac. Rep. 1132; *Bunting v. Saltz*, 84 Cal. 168; *Stenzel v. Sims*, 25 Ill. App. 538; *Lawrence v. Wood*, 122 Ind. 452; *Corrine M., C. & S. Co. v. Johnston*, 5 Utah, 147; *Wiseman v. Mitchell Co.* 104 N. C. 330; *Leary v. Territory*, 3 Wash. Terr. 13; *Varn v. Williams*, 10 S. E. Rep. 390. See, also, secs. 3040, 3067, R. S.

For the respondents *Allen*, *Brimi*, and *Kepler* there was a brief by *C. L. Allen*, attorney, and *James Wickham*, of counsel, and oral argument by *Mr. Allen.* They contended, *inter alia*, that plaintiffs' appeal from the judgment dismissing the action as to the first cause of action did not affect the trial upon the counterclaim to the second cause of action. Elliott, App. Proc. § 544. Mere service of appeal papers did not deprive the circuit court of jurisdiction while the record was still held by it. See R. S. secs. 3053, 3060, 3066; *Douglas Co. v. Walbridge*, 36 Wis. 643; *State ex rel. Taylor v. Delafield*, 69 id. 264; *German M. F. F. Ins. Co. v. Decker*, 74 id. 556.

*J. F. Ellis*, for the respondents *Cosgrove* and *Dunn*, to the point that plaintiffs' appeal from the former judgment against them did not deprive the circuit court of jurisdic-

tion, cited S. & B. Ann. Stats. sec. 3053; *Newman v. State*, 76 Wis. 116; *Smith v. Schreiner*, 86 id. 22; *Lee v. Lord*, 75 id. 35.

PINNEY, J. 1. The judgment in the replevin suit was that the plaintiffs were entitled to possession of the goods replevied in their action against Wayland; that they were of the value of $1,000; directing the sheriff and under-sheriff to deliver the same to the plaintiffs; and that they recover $224.31, costs of the action. It does not appear that this judgment has ever been reversed. The delivery of the goods by the sheriff to *Allen*, and their receipt by him, was a wrongful act on the part of all concerned in it, for the goods were in the custody of the court to answer the judgment that might be rendered in the action. There was no law authorizing such delivery or the execution by *Allen* and his sureties of the undertaking upon which the delivery was made. It is not necessary to now determine whether the plaintiffs' remedy to realize their judgment against the defendants in this action was for the wrongful delivery and receipt of the goods, or upon the bond given by *Allen* and his sureties, on the ground that they might waive the tort and avail themselves of the bond. When *Allen* paid the $600 it is perfectly clear that he knew that the plaintiffs claimed the goods or their value as adjudged in the replevin action, and that he believed he and his sureties were liable for it. His own evidence, and the written notice he received from the attorney of the plaintiffs, and the receipt he received, place this matter beyond dispute. He was asked by the notice to deliver the goods to the plaintiffs' attorney, or pay him their adjudged value; and express reference was made to the judgment by its date and the court in which it was entered, and the notice was entitled in the replevin action in which it was rendered. He had no right to draw any inference that the claim was other

or different, for there is no plausible pretext that there was room for such idea or inference. He considered the matter, and consulted an attorney about it, and they afterwards met the plaintiffs' attorney, in his store, in respect to the matter, and he "paid the $600 under the agreement expressed in the receipt, and because he understood that he and *Kepler* and *Brimi*, his sureties, were liable on the bond they had given," and with the understanding that no further proceedings should be taken therein for the balance of said judgment for at least sixty days, etc., and with the statement that $182 more would satisfy the judgment; and though the payment was made without prejudice to any rights said *Allen* may now have, and that no other creditor should be allowed in any way to use said judgment, yet there is nothing to show that *Allen* had, or has now, any right to be excused from payment of the demand made against him. There is no ground for saying that the payment was procured by fraud or misrepresentation, and not the slightest reason for saying that, when it was made, *Allen* did not know all the facts as well as the plaintiffs or their attorney. The most that can be said is that he, and the attorney he consulted as well, were in doubt as to the law; and if any mistake was made at all it is quite plain that it was a mere mistake of law, which it will not be contended would afford *Allen* any ground for the recovery of the money. It must be held that the payment of the $600 was voluntary, without mistake of fact, and cannot be recovered back. The court erred in directing the verdict, and it is without evidence to support it. The judgment rendered thereon in favor of *Allen* and against the plaintiffs must be reversed.

2. It was contended that, in consequence of the appeal then just taken from a judgment in favor of the defendants on the first cause of action only, the circuit court, during its pendency, had no right to try the case upon the second cause

of action and the counterclaim just noticed. It will be seen, by reference to the report of the case when it was here on a former occasion (84 Wis. 323), as well as the foregoing statement, that the parties, through their attorneys, had so managed as to practically get the action divided into two sections, and judicial action on them was not coincident. It was held on that occasion that there could be but one final judgment in the action, and that a judgment upon one part or section only was erroneous and would be reversed. The case was in such an anomalous condition that, while a trial and adjudication upon one part of the case only would be *error*, we cannot say that the trial of the second cause of action and counterclaim, under the circumstances, was without *jurisdiction*. The plaintiffs did not offer any evidence in support of their complaint, and no evidence was offered in relation to it by the defendants. There is no finding by the jury in respect to it, and yet there is a judgment in favor of all the defendants thereon, or what may perhaps be considered as a judgment. It recites, evidently as a finding by the court, that the defendants *Cosgrove* and *Dunn* interposed a separate answer which raised a separate, independent, substantial, and proper defense; that the defendants *Brimi* and *Kepler* and the defendant *Allen* interposed such defenses separately; and that "it appearing to the satisfaction of the court, by the pleadings, *evidence*, and admissions, that all the allegations of the answers are true," and, reciting the verdict, the court rendered judgment in favor of the defendant *Allen* for the amount of the verdict and costs against the plaintiffs, in favor of the defendants *Brimi* and *Kepler* for their costs, etc., and in favor of the defendants *Cosgrove* and *Dunn* for their costs and disbursements. The plaintiffs having failed to proceed to trial under their complaint, or to produce any evidence under it, the court could have properly dismissed their complaint, but had no right to proceed to pass upon the merits of their case, either with or without

evidence offered by the defendants, and without any finding by the jury, and we think that the judgment in these respects was erroneous and prejudicial to the rights of the plaintiffs, and that there should be a new trial.

3. After discussing the merits of the appeal quite fully, the question was briefly argued whether this appeal was not barred by the dismissal of a previous appeal taken from the same judgment for want of prosecution (R. S. sec. 3040), and *Estey v. Sheckler*, 36 Wis. 434, and other cases for and against the contention, were cited. This appeal is regular and fair on its face, and the objection does not go to the jurisdiction of the court, but rather to bar the exercise of jurisdiction, already acquired. No motion was filed raising the objection. The rules of practice, which are the law of the court, require (Rule II) that "all motions shall be in writing . . . and notice of the time of making the motion must be served on the opposite party at least eight days before." While objections that are jurisdictional may be raised orally at the argument, this practice does not extend to motions to dismiss an appeal for irregularity or for any matter which may be urged in bar of an appeal. As to all such cases, the motion must be in writing and regularly noticed. The objection relied on was not regularly and properly presented, and it cannot, therefore, be considered.

*By the Court.*— The judgment of the circuit court appealed from is reversed, and the cause is remanded for a new trial.