CRAWFORD M. FAIRBANKS, Administrator, *vs.* AUGUSTINE A. MANN.

An appraiser on the estate of a deceased person is not an officer of the Probate Court, nor a party to nor interested in the proceedings in the court in the settlement of the decedent's estate, and hence he is not bound by an adjudication of that court or of the Supreme Court on an appeal disallowing a portion of the sum paid him by the administrator for his services as appraiser.

An administrator is not bound to pay an appraiser for his services until his bill has been allowed by the Probate Court and the time limited for an appeal from such allowance has expired, or at least until a final judgment has been rendered against the administrator in a suit upon the appraiser's claim.

Where an administrator had paid an appraiser on the decedent's estate one-half of the amount of the appraiser's bill by way of compromise and in full settlement of the latter's claim for services as appraiser, the administrator cannot, if the amount so paid by him is subsequently cut down to a much less sum on the settlement of his final account as administrator in the Probate Court or in the Supreme Court on appeal, recover of the appraiser so much of the amount paid as was disallowed, since the payment so made by him was voluntary and at his own risk.

Pub. Stat. R. I. cap. 184, § 32, authorizing executors and administrators to compromise claims "in the same manner and with the same effect as the testator or intestate might have done," limits the power to claims existing at the time of the decease of the testator or intestate.

PLAINTIFF'S petition for a new trial.

*June* 11, 1896.   TILLINGHAST, J.   The facts disclosed by the record in this case, in so far as they are material to the question at issue, are as follows, viz. : The Court of Probate of the town of Lincoln appointed Augustine A. Mann, the defendant, an appraiser on the estate of Horace Daniels, deceased.   After the performance of his duties as such appraiser, he rendered a bill thereof to the plaintiff, who was the administrator on said estate, in the sum of one hundred dollars, to which bill said administrator objected, on the ground that it was too large ; whereupon, after some consideration and delay, it was agreed between the parties that said bill should be reduced to fifty dollars, which was done, and this amount was paid, by way of compromise and in full settlement for the defendant's services as appraiser.

Thereafterwards the plaintiff presented his account to said Probate Court, as administrator, which account included the

payment of said fifty dollars.   This account was duly allowed by the Probate Court, but from this allowance an appeal was taken by one of the heirs of said estate to the Common Pleas Division, where, upon trial, the amount allowed said appraiser as aforesaid was cut down to the sum of twenty dollars.   The plaintiff thereupon brought this action to recover from the defendant the sum of thirty dollars, the same being the difference between the amount paid by the plaintiff as aforesaid and the amount finally allowed by the court on appeal.   The Common Pleas Division, after hearing the evidence submitted on behalf of the plaintiff, ruled that no case was made out and directed that he be non-suited, and the case is now before us on the plaintiff's petition for a new trial on the ground that said ruling was erroneous.

We do not think it was.   The plaintiff, in his capacity as administrator, having seen fit to pay the defendant for his services as appraiser, is now estopped from claiming that the payment was too large, or that it was not rightfully made. It is true that he was not obliged to pay the claim until it had been allowed by the Probate Court, and until the time limited by the statute for an appeal from such allowance had expired, or at least until a final judgment had been rendered against him, in case of a suit upon said claim ; (2 Wœrner's American Law of Administration, p. 811) but he was not obliged thus to wait.   In paying the claim as he did, without first taking the precaution of having it allowed, he took the risk of being called upon to refund to said estate such part of the amount as should be disallowed in the final settlement of his account as administrator.   The action of the Common Pleas Division in reducing the amount of the appraiser's fee had no effect whatever upon the defendant, as he was not a party thereto, nor was he in any way cognizant of said proceeding.   It was an adjudication solely between the administrator and the estate which he represented, and was in no wise binding upon the defendant in this action. But it is earnestly contended by the plaintiff's counsel that the defendant was an officer of the Court of Probate, and, the court appealed to being the Supreme Court of Probate,

that he is an officer of this court as to the duties which he performed as appraiser ; and hence that, notwithstanding the settlement aforesaid, he is bound by the adjudication of the Supreme Court as to the amount that he should receive for his services ; and that, if he has charged more, or received more than is thus finally allowed, the charge in the one case and the payment in the other are equally improper ; furthermore, and notwithstanding the fact that the defendant is not a party directly to the appeal by name, yet, being an officer of the court, he is bound by its decision as to the amount of his fees.

We cannot agree with this contention. An appraiser is not an officer of the Probate Court. He is simply a person appointed by that court to appraise the goods and chattels, rights and credits of the deceased, that shall have come to the knowledge of the administrator, and to make return thereof under oath to said court. See Pub. Stat. R. I. cap. 185, § 2. This being done, he has discharged his trust, and his duties are at an end. He is under no obligation to follow the proceeding any further, not being a party thereto or in any wise interested therein, excepting only as to the matter of compensation for his services. And when, as in this case he has been paid by the administrator, he has no occasion to concern himself further in the premises. The action of the Common Pleas Division, therefore, in cutting down the allowance of the administrator as aforesaid, was not binding upon the defendant and did not create any obligation upon him to refund the amount disallowed.

Moreover, the payment in question, as contended by defendant's counsel, was a voluntary payment by the plaintiff, with full knowledge of all the circumstances, and was made without. compulsion or duress of person or goods, and for this reason cannot be recovered. 1 Parsons on Contracts, 482. *Benson* v. *Munroe,* 7 Cush. 125 ; *Brisbane* v. *Davis,* 5 Taunt. 152 ; *Brown* v. *McKinley,* 1 Esp. 279 ; *Faber* v. *Appleton,* 5 Cush. 155 ; *Beard* v. *Beard,* 25 W. Va. 426 ; 13 Amer. & Eng. Encyc. of Law, 214, and cases cited in note 1 on page 215 ; *Second Universalist Society* v. *City of*

*Providence,* 6 R. I. 235. In *Brisbane* v. *Davis, supra,* the court says: "The party has his option whether to litigate the question or submit to the demand and pay the money." In *Bumpass* v. *Chambers,* 77 N. C. 359, it is held that when an executor assents to and pays a legacy, he cannot recover it back or call on the legatee to refund the payment unless he alleges and proves special circumstances showing that he was in no default, and thus release him from the imputation of negligence. See also *Lysle* v. *Siler,* 103 N. C. 265 ; *Laney* v. *Laney,* 47 N. Y. St. Rep. 99 ; *Gage* v. *Allen,* 89 Wis. 98. In *Miskim's Appeal,* 114 Pa. St. 534, the court say : "We are advised of no principle in morals or equity, in case of a voluntary payment of a debt by an administrator of a solvent estate, that would require the creditor to refund the money."

The plaintiff's counsel relies on the case of *Walsh* v. *Raymond,* 56 Conn. 251, in support of his contention. In that case a receiver, appointed by the court, had a bill presented to him by his attorney amounting to $125. The receiver objected to the bill and paid the attorney only $75, which he credited on account. For the purpose of adjusting the claim and relieving himself of further liability thereon, the receiver, when he came to settle his final account, notified the attorney to be present at the hearing and make objections, if any he had, to the allowance of the sum of $75. The attorney appeared in court, pursuant to the notice, objected to the settlement of the account and claimed that a larger sum should be allowed him for his services. The court, however, after hearing both parties, declined to make any further allowance, accepted the report of the receiver and discharged him from his trust. The attorney then brought suit against the defendant to recover the balance claimed to be due for his services, but the court held that he could not recover. The court say : "In this case no question is made as to the employment of counsel by the receiver, and the court has approved of the necessity and propriety of such action of the receiver. But when such counsel are employed, with the approval of the court, all the authorities agree in holding that the court will pass upon the amount to be allowed

them for their services to the receiver. As a general proposition, it may be said that a receiver may retain counsel without leave of the court, and that the assets in his hands are liable for their fees, which fees, however, *must be allowed by the court;*" citing Beach on Receivers, § 751. It will be seen, therefore, that the case relied on is quite different from the one now before us. In that case the claimant had a hearing in court, with the opportunity of presenting evidence in support of his claim, while the defendant in the case at bar had no such opportunity. Moreover, the court in that case clearly intimated that the receiver would have rendered himself personally liable in the premises had he not acted strictly under the orders of the court appointing him. The case is not, therefore, an authority in favor of the plaintiff.

We do not wish to be understood as deciding that the point taken by the defendant's counsel, viz., that the payment was made in the exercise of the administrator's statutory power to compromise, (Pub. Stat. R. I. cap. 184, § 32,[1]) is sustainable. The statute only authorizes an executor or administrator to compromise claims, "in the same manner and with the same effect as the testator or intestate might have done." This evidently limits the power to claims existing at the time of the decease of the testator or intestate.

Petition for new trial denied, and case remitted to the Common Pleas Division with direction to enter judgment for the defendant.

*Edward D. Bassett & Edward L. Mitchell*, for plaintiff.
*Stephen A. Cooke & Louis L. Angell*, for defendant.

---

[1] As follows:

SEC. 32. Executors and administrators may submit to arbitration or may adjust by compromise any claims in favor of or against the estates by them represented, in the same manner and with the same effect as the testator or intestate might have done.