See note to this case in 32 N. W. Rep. 111.— REP.

MEINZER, Respondent, vs. THE CITY OF RACINE, Appellant.

*February 2 — March 1, 1887.*

*Municipal corporations: Unauthorized change in grade of street.*

An action will lie against a city for injuries to a lot caused by a change in the grade of a street otherwise than as authorized by law, and in violation of legal restrictions.

APPEAL from the Circuit Court for *Racine* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an appeal from an order overruling a demurrer to the amended complaint, alleging, in effect, that ever since 1883 the plaintiff has been and still is the owner of the land described; that during said time there has been and now is a public street used as such, known as Twelfth street, in said city, passing and located along the northerly side of said premises and affording the only convenient means of access to said premises; that during said time there has been and is now a dwelling-house, out-buildings, etc., upon said premises occupied by the plaintiff as his homestead; that

during said time and until the wrongful acts complained of there was a convenient drive-way leading from said street in front of said premises to said dwelling-house and out-buildings; that during May and June, 1884, the defendant wrongfully and unlawfully, and to the great injury and damage of the plaintiff, dug up, excavated, and took away the earth and other material in said street adjacent to and upon the premises of the plaintiff, to the depth of from eight to nine feet, and removed the same from said premises and the highway adjacent thereto, by means whereof the plaintiff has been greatly inconvenienced and disturbed in the use and enjoyment of said dwelling-house and premises, and his drive-way and entrance upon said premises with any kind of vehicle or conveyance has thereby been destroyed, his fences undermined, and said dwelling-house and premises made inconvenient, difficult of access, and undesirable as a residence, and permanently depreciated in value; that the city committed said wrongful acts and trespasses in the pretended exercise of her power under her charter to grade the streets therein, including said Twelfth street at the places in question; but that, prior to such grading, the common council of said city had not made, nor caused to be made, any estimate of the cost of such work, nor put any such estimate on file in their office open to the inspection of parties interested; that said common council claim and pretend that such work or the cost thereof is chargeable to the plaintiff's said premises as fronting the same; that said work is such that if it were lawfully done it would be chargeable to said premises; that said work does not consist of docking, nor dredging, nor building of sidewalks or gutters; that no petition was ever presented to the common council, signed by the residents of the city owning a majority of the feet in front of all the lots fronting upon the proposed improvements owned by residents of the city, nor was any petition for doing such work pre-

sented to said city council; that no resolution ordering such work ever received three fourths of the votes of the aldermen elected, nor was any such resolution passed by said common council declaring why it was for the public interest to proceed with such petition as aforesaid, nor was any such resolution passed after permitting the same to lie over one week after being introduced and first considered, nor was the vote on any such resolution taken by yeas and nays and entered in the journal of the council; that a majority of feet in front of all the lots in the block in which said premises are situated is owned by residents of said city; that no order was ever made by said city council, before commencing to work, requiring or ordering the plaintiff, as such owner, to do such grading, nor was the amount proposed to be made chargeable against the several lots or pieces of land in front thereof, nor the benefits which in their opinion would actually accrue to the owners of the same in consequence of such grading, ever ascertained or considered by said common council; that no notice was ever given to the plaintiff requiring him to do said work, nor was said work thereafter let by contract, as required by the charter; that by reason of such unlawful acts, the plaintiff had sustained damages in the premises in the sum of $2,000, and demands judgment for that amount and costs.

For the appellant there was a brief by *D. H. Flett*, attorney, and *Samuel Ritchie*, of counsel, and oral argument by *Mr. Flett*.

For the respondent there was a brief by *Quarles & Spence*, and oral argument by *Mr. Spence*. They cited *Crossett v. Janesville*, 28 Wis. 420; *Dore v. Milwaukee*, 42 id. 108; *Dorman v. Jacksonville*, 7 Am. Rep. 253, note, 260; *Hall v. Chippewa Falls*, 47 Wis. 267; *Starr v. Burlington*, 45 Iowa, 87; *Sheldon v. Kalamazoo*, 24 Mich. 383; *Hill v. St. Louis*, 59 Mo. 412; *Dyer v. St. Paul*, 27 Minn. 457; *O'Brien v. St. Paul*, 25 id. 334.

CASSODAY, J. The common council of the city had the power, when properly invoked, to " open, widen, straighten, and vacate streets and alleys and establish and alter the grades thereof." Charter, subd. 32, sec. 3, tit. IV, ch. 313, Laws of 1876, p. 733. There is no claim, and the complaint negatives any ground for claiming, that the alleged improvement was the taking of the plaintiff's private property,— the land in question,— for a public street by any proceedings for condemnation as prescribed by the charter. Secs. 1–24, tit. V. The common council may cause any street to be graded, paved, macadamized, or graveled, and order the expense of such improvements to be ascertained, and the costs of such work or improvement to be levied and charged against the lots or real estate fronting or abutting on such street, to the amount which such improvement shall be adjudged by the common council to benefit such lots; and when a change in the grade of any street is ordered, the expense of cutting or filling incurred by such change of grade shall be chargeable to and paid by special assessment on the lots or property fronting or abutting on the street of which the grade shall be so changed. Charter, sec. 1, tit. VI, ch. 180, Laws of 1880. Whenever the common council shall deem it necessary to grade or otherwise improve any street not otherwise provided for, it shall cause to be made an estimate of the costs of such work, and shall put the same on file in its office; and such estimate shall be open to inspection of any party interested. Sec. 5, Id. No such work chargeable to lots or parcels of land fronting or abutting on the same, except repairs, etc., shall be ordered unless the requisite petition therefor shall be first presented to the common council, or unless, in the absence of such petition, the requisite resolution of the common council ordering such work, after having laid over for one meeting, shall receive the votes of three fourths of the aldermen elected, to be taken by yeas and nays duly en-

tered in the journal of the proceedings. *Ibid.* Before ordering any such work to be done by the owner of lots or lands fronting on the same, the common council shall ascertain and consider the amount proposed to be made chargeable against said several lots or pieces of land, and the benefits which in its opinion will actually accrue to the owners of the same in consequence of such improvement, and assess against the same, respectively, the amount of such benefit; and in case such benefits amount to less than the cost of the improvements, the balance shall be paid out of the ward fund in which the improvement is made. Sec. 6, Id. As soon as any such assessment shall be made, the requisite notices shall be given to the owners of such land and all parties interested. Secs. 7, 8, Id.

The complaint alleges, in effect, that the common council claim and pretend that such work, or the cost thereof, is chargeable to the plaintiff's said premises, as fronting the same, and that the said work is such that if it were lawfully done it would be chargeable to said plaintiff's lot. It then negatives the claim that said work is of any different kind or character than above mentioned; also the making or presenting of such or any petition; also such passage or any passage of any such resolution; also the taking of any such vote. The complaint also alleges affirmatively that the defendant wrongfully and unlawfully did the several acts complained of. We must hold the allegations of the complaint sufficient to bring the case within the decisions of *Crossett v. Janesville,* 28 Wis. 420; *Dore v. Milwaukee,* 42 Wis. 108. It is true the charter expressly prohibited the improvement made in the *Crossett Case* in the absence of the requisite recommendation in writing. The same may be fairly implied, as to the particular work in question, from the provisions of the Racine charter referred to. It is to be remembered that the common council only had such powers as were expressly granted by statute or necessarily

implied therefrom. *Mayor v. Hughes,* 1 Gill & J. 480, 19 Am. Dec. 243; *Collins v. Hatch,* 18 Ohio, 523, 51 Am. Dec. 465; *Thompson v. Schermerhorn,* 6 N. Y. 92, 55 Am. Dec. 385; *State v. Comm'rs of Mansfield,* 23 N. J. Law, 510, 57 Am. Dec. 409; *Davis v. Mayor,* 14 N. Y. 506, 67 Am. Dec. 186; *Logan City v. Buck,* 4 Am. & Eng. Corp. Cas. 300; *Whelen's Appeal,* 108 Pa. St. 162; *Fertilizing Co. v. Hyde Park,* 97 U. S. 660; *State ex rel. Priest v. Regents,* 54 Wis. 170; *Gilman v. Milwaukee,* 61 Wis. 592; *Attorney General v. Great Eastern Ry.* 33 Eng. (Moak), 768. With this view of the law, and the allegations of the complaint being such as to preclude any right to make the improvement in question at the expense of the city or the ward, as in some of the cases cited, the unlawfulness of the acts complained of is apparent.

*By the Court.*— The order of the circuit court is affirmed.

