Meinzer vs. The City of Racine.

MEINZER, Appellant, vs. THE CITY OF RACINE, Respondent.

*January 13 — January 31, 1888.*

*Municipal corporations: Unauthorized change in grade of street.*

Where a city has caused a street to be graded and cut down, without
taking the steps required by its charter to make the work lawful,
it is liable for the resulting injury to adjoining property. *Meinzer
v. Racine,* 68 Wis. 241, followed.

APPEAL from the Circuit Court for *Racine* County.

Action to recover damages for the injury to the plaintiff's
lot caused by the alleged unlawful grading of the street in
front thereof. An order overruling a demurrer to the com-
plaint was affirmed on a former appeal. 68 Wis. 241. On
the trial the only question submitted to the jury was as to
the amount of the plaintiff's damages, which the jury found
to be $800. The court found that the defendant made no
contract for the performance of the grading and excavating
described in the pleadings, and is not liable to the plaintiff

in this action. From the judgment entered accordingly, dismissing the complaint, the plaintiff appealed.

For the appellant there was a brief signed by *Quarles, Spence & Dyer,* and oral argument by *Mr. Spence.* They argued, among other things, that the work done was illegal and unauthorized, because the common council did not have the requisite petition before it, and did not pass a resolution ordering the work, in the form and manner required by the charter when such petition has not been presented. See sec. 5, tit. 6, of the charter (ch. 313, Laws of 1876). The circuit court directed judgment for the defendant on the sole ground that no written contract for the doing of the work had been signed by the mayor and comptroller. In other words, when the foundation of the action is the omission by the council to comply with certain specified require- . ments of the law, the court relieves the city from liability on account of an additional omission or irregularity upon its part. The city is responsible for the acts of its officers, even if the council had not directly authorized the work to be done. 2 Dillon on Mun. Corp. sec. 966; *Thayer v. Boston,* 19 Pick. 511. The laying and opening of streets are municipal functions, and the officers performing them thereby discharge municipal or corporate duties. *Durkee v. Kenosha,* 59 Wis. 125. In taking charge of any work relating to an improvement, repair, or change in the grade of a street, the aldermen were acting within the line of their duty as conferred and imposed by the charter. See secs. 2, 21, 22, of tit. 6.

*D. H. Flett,* for the respondent, contended, *inter alia,* that under the rule laid down in *Thayer v. Boston,* 19 Pick. 511, cited and relied upon by the appellant's counsel, the city is not liable to the plaintiff in this action. "A corporation is not responsible for the unauthorized acts of its officers, though done *colore officii.* It must further appear that (1) they were expressly authorized to do the acts by the

city government; or (2) that they were done *bona fide* in pursuance of a general authority to act for the city on the subject to which they relate; or (3) that in either case the act was adopted and ratified by the corporation." 1. In this case neither the aldermen under whose direction, supervision, and control the work was done, nor the person who performed the work, were ever authorized by the city to do the acts complained of. The resolution authorizing the mayor and comptroller to enter into contract with the lowest responsible bidder was wholly inoperative until the contract was actually executed. 2. Nor were the acts in question " done *bona fide* in pursuance of a general authority to act for the city on the subject to which they relate." The establishing of the grades and the grading of the streets is *entirely* under the control and direction of the common council. Laws of 1876, ch. 313, tit. 4, sec. 3, subd. 32, and sec. 4; Id. tit. 6, secs. 1, 2, 5. The only authority given to aldermen in respect to streets is the general supervision thereof in their respective wards, for the purpose of keeping them in repair. Id. tit. 6, sec. 21. Their authority in this respect is no greater than that of the street commissioners. But for the unlawful acts of street commissioners a municipal corporation is not liable. *McCarthy v. Boston*, 135 Mass. 197. 3. There is no evidence that the city ever " adopted and ratified " the acts in question.

The appellant cannot invoke the aid of the doctrine of *respondeat superior*. 2 Dillon on Mun. Corp. secs. 974, 978; *Kelly v. New York*, 11 N. Y. 432; *Blake v. Ferris*, 5 id. 48; *Cumberland v. Willison*, 50 Md. 138; *Morrison v. Lawrence*, 98 Mass. 219; *Ball v. Woodbine*, 61 Iowa, 83; *Russell v. Mayor*, 2 Denio, 461; *Smith v. Rochester*, 76 N. Y. 507; *Alcorn v. Philadelphia*, 44 Pa. St. 348; *Hayes v. Oshkosh*, 33 Wis. 314; *Mulcairns v. Janesville*, 67 id. 24; *Wallace v. Menasha*, 48 id. 79; *Larned v. Briscoe*, 29 N. W. Rep. (Mich.) 22. If there is any liability on the part of the city,

it is because the aldermen are *general* agents of the city and have the same authority to create liability as the common council. But such a doctrine is repugnant to every principle of municipal law. 1 Dillon on Mun. Corp. secs. 89, 258, 309. We have here merely a case in which the aldermen of the ward, acting as individuals, perform certain illegal acts, and it is sought to hold the city liable therefor. The aldermen alone are liable. *Uren v. Walsh,* 57 Wis. 98.

Assuming that the aldermen had authority under the charter to do certain grading, still the city is not liable. The streets are for the *public* use. The fee remains in the adjoining owners, with an easement in favor of the *public;* and the city is simply the trustee, so to speak, of the public easement. 2 Dillon on Mun. Corp. sec. 656; *Kimball v. Kenosha,* 4 Wis. 321. The grading and otherwise improving the streets is a *public,* as distinguished from a *corporate,* duty. It is no more a corporate duty than the collection of taxes, the extinguishment of fires, or the keeping of the streets in a safe condition for travel, all of which have been held to be public duties. *Hayes v. Oshkosh,* 33 Wis. 314; *Schultz v. Milwaukee,* 49 id. 254; *Little v. Madison,* id. 605. See, also, *Williams v. Yorkville,* 59 Wis. 119; *Griggs v. Foote,* 4 Allen, 195; *Manners v. Haverhill,* 135 Mass. 165; *McCarthy v. Boston,* id. 197; *Bean v. Hyde Park,* 143 id. 245; *People v. Auditors,* 74 N. Y. 310; *Transportation Co. v. Chicago,* 99 U. S. 635; *Smith v. Washington,* 20 How. 135.

ORTON, J. This case was here by appeal from an order overruling the demurrer to the complaint. This court held that the complaint stated a good cause of action, and affirmed the order. 68 Wis. 241. The facts set out in the complaint appear in that case, and need not here be restated. They are, in substance, that the city caused the street in front of the plaintiff's lot to be graded illegally and in such way as to injure said premises. The necessary

steps to make such work lawful and a charge upon the plaintiff's lot were not taken. This is the *gravamen* of the complaint and the ground of the action. We think that the proof sufficiently showed that the city caused the work to be done that produced the injury, but not in accordance with the requirements of the charter, and therefore unlawfully done. A resolution was passed by the city council for the grading of said street. Proposals were made for bids to do the work according to the established grade. One Replinger was the lowest bidder. A resolution was passed requiring the mayor and comptroller to enter into a written contract with him accordingly, but this was never done. Replinger, however, went on and did the work, and cut down the street several feet adjacent to the plaintiff's lot, to his great injury and damage. He did the work under the direction of the aldermen of the ward in which the street was located. And, in accordance with a survey made by the city surveyor on completion of the work, said Replinger was furnished with a certificate of said surveyor showing the work done, and he was paid by orders regularly issued to him by the aldermen of said ward on the city treasurer, which were countersigned by the city comptroller, and on presentation were duly paid by the city treasurer. Many of the antecedent steps required by the charter to make the work legal and the expenses thereof chargeable to the lot were not taken, as alleged in the complaint.

It appears to me that the plaintiff's right of recovery on his complaint and on this evidence is *res adjudicata* in the above decision on the demurrer. The learned counsel of the respondent seeks to show that the work was not lawfully done, and yet this is the very ground on which the plaintiff is entitled to recover. We refer to the many authorities cited in the opinion of his honor, Mr. Justice CASSODAY, in the case on the demurrer, to sustain his right to

recover on that ground, and particularly to the case of *Crossett v. Janesville*, 28 Wis. 420, and the case of *Dore v. Milwaukee*, 42 Wis. 108. In the first of these cases the present chief justice said: " The validity of the acts of the city officers depends in the present case upon their having proceeded in conformity to the charter; if they have caused Franklin street to be graded *in disregard* of the conditions upon which they were to exercise the power of grading streets, the city is liable for damages resulting from the *illegal proceedings.*" The judgment was affirmed on that ground. In the second case the decision is based upon the same ground, and the order overruling the demurrer to the complaint was reversed because the complaint did not sufficiently aver the *illegal* proceedings.

It is contended that the city is not liable because it never authorized the work and is not in any way responsible for it. But the charter contains abundant authority for the city council, representing the city, to grade streets and conduct works of improvement of streets, and gives them general supervision of streets, at least equally with the charter of Janesville in the case above cited; and we are very clear that the city, in what was done on this street to the injury of the plaintiff's premises, is responsible and liable for the damages. The judgment was recovered in the case of *Addy v. Janesville, ante*, p. 401, and affirmed by this court in December, 1887, on precisely the same ground,— that Main street in that city was illegally graded, and thereby caused the damage to the plaintiff's premises. In short, this ground of recovery against cities has been so often affirmed and approved by this court and other courts that it has ceased to be an open question. The judgment dismissing the plaintiff's complaint on the ground that there was no written contract entered into, or for any other reason, is clearly erroneous.

*By the Court.*— The judgment is reversed, and the cause

remanded with direction to render judgment for the plaintiff upon the verdict of the jury rendered by stipulation of the parties.

