MEINZER, Respondent, vs. THE CITY OF RACINE, Appellant.

*March 16 — April 25, 1889.*

*Injury to land by excavating street: Evidence: Unrecorded plat: Excessive damages.*

1. In an action against a city for the injury to land caused by the unlawful excavation of the street in front of it, a plat of the land into building lots may be examined and referred to by witnesses for the purpose of showing the adaptability of the land to be so laid out into lots, even though such plat has not been legally recorded.

2. Such a plat having been so used and referred to by witnesses it was not error to formally receive it in evidence during the argument of counsel to the jury.

3. There being no proof or offer of proof of a legally established grade, it was proper to reject evidence of the correspondence of the excavation and established grade, or that a profile showed such grade, and to reject the offer of such profile in evidence.

4. Where the damages awarded for an injury to land are less than the estimates of some of the witnesses, and there is no apparent preponderance of evidence against the verdict in that respect, this court will not reverse the judgment on the ground that such damages are excessive.

APPEAL from the Circuit Court for *Racine* County..

The facts will sufficiently appear from the opinion. There was a verdict in favor of the plaintiff, assessing her damages at $1,800. A motion for a new trial was denied, and from the judgment entered on the verdict the defendant appealed.

*D. H. Flett*, for the appellant.

For the respondent there was a brief by *Quarles, Spence & Dyer*, and oral argument by *T. W. Spence*.

ORTON, J. This action is brought to recover of the defendant damages to the plaintiff's real property lying adjacent to Twelfth street in said city, occasioned by a deep excavation of, and removal of the earth from, said street. This work is charged with having been illegally done by said city. The answer makes the sole issue that the city did not so excavate the said street. There is no justification of it by any legal proceedings to grade said street. The order overruling a demurrer to the complaint on the ground that it stated no cause of action was affirmed by this court on appeal (68 Wis. 241), and the judgment dismissing the complaint on the ground that such excavation was not done under a legal contract with the city was reversed by this court on appeal, and a new trial ordered (70 Wis. 561). In this last case the following facts, appearing on the last trial, and the law applicable thereto, were *res adjudicatæ:* (1) That a resolution was passed by the city council for the grading of said street; (2) that proposals were made for bids to do the work according to the established grade; (3) that one Replinger was the lowest bidder; (4) that a resolution was passed requiring the mayor and comptroller to enter into a written contract with him accordingly, but that this was never done; (5) that nevertheless Replinger did the work under the direction of the aldermen of the ward and in accordance with a survey

made by the city surveyor, and on his certificate of the work done he was duly paid by orders regularly issued by the aldermen of the ward on the city treasurer, countersigned by the comptroller, which were duly paid by the city treasurer; (6) that many of the antecedent steps required by the charter to make the work legal and the expense thereof chargeable to the adjacent property, were not taken; (7) that the proof sufficiently shows that the city council caused the work to be done that produced the injury; and (8) that the ground of the city's liability consisted in the illegality of the work so done. The evidence having been substantially the same on the last trial, there can be no question upon the merits of the case on this appeal, even upon the motion for a new trial, the denial of which by the circuit court is assigned as error.

The exceptions taken during the progress of the trial and the matter of excessive damages only are to be considered. The *first* exception relates to the use of and reference to a certain plat made by the plaintiff of a portion of the property lying along said street into lots of convenient size for residences of persons of moderate means, by the witnesses in giving their testimony as to the value of the property. It appeared that, besides the immediate homestead, a part of the tract was well adapted and suitable to be laid out into lots, and that it would be of the best use and of the most value in that form, and that a plat had been made of it, but it had not been recorded so as to make it a legal addition to the city. The court, against the objection of the appellant, allowed the witnesses to examine and refer to said plat with the sole view and object of showing the *adaptability* of that part of the tract to be laid out into lots and used or sold as such, and the location and situation of that part of the property injured by the excavation of the street in front of it. This was not error. A void plat, as such, may be· used to show the locality,

identity, and situation of the premises in question. *Vilas v. Reynolds*, 6 Wis. 214; *Simmons v. Johnson*, 14 Wis. 523. The plaintiff had the right to make the best and most profitable use of her property that she could; and if the value of a part of it consisted in its adaptability to be laid out into lots, to be used or sold as such, and she had already laid the same out into lots and made a plat of it in carrying out her intention in respect to it, such a plat might be referred to by the jury to show such adaptability and its situation, in estimating its value. In estimating the value of real property the jury may not only look to the land itself and the actual situation of it, but also to the use to which it is, or is intended to be, applied by the plaintiff. "The actual use and intention of the proprietor, together with the surrounding circumstances, must be considered." *Welch v. M. & St. P. R. Co.* 27 Wis. 108. The use to which the property may be applied is an element of value not to be disregarded. *Driver v. W. U. R. Co.* 32 Wis. 569. "If the present value of the land is enhanced by reason of its adaptability to some use to which it may be put *in the future*,— as if the land is so situated *that it might be platted into city lots*,— such enhanced value is the proper basis for the assessment of compensation." *Washburn v. M. & L. W. R. Co.* 59 Wis. 364.

When the plaintiff's counsel, in his argument to the jury, referred to this plat by way of illustration, the defendant's counsel objected on the ground that it had not been introduced in evidence. Thereupon, on suggestion of the court, it was formally offered and received in evidence. The time of so offering it was clearly in the discretion of the court, and its being in evidence could not have improperly influenced the jury. It could have had no other effect than to show the jury the adaptability of a part of the tract to be laid out into lots, and to be used or sold as such, and its best use and availability in that form. This, we have seen, was proper.

*Second.* The assistant city engineer was asked by the counsel of the defendant whether he had made measurements of the excavation on that street as compared with the established grade of 1884, and whether a certain profile of that street in front of the plaintiff's property (handed to him) showed the said grade, and the said profile was offered in evidence. The objection of the plaintiff's counsel to this evidence was sustained by the court. This ruling was correct. There was no proof, or offer of proof, of any legally established grade of 1884.

*Third.* The only other error complained of is that the circuit court did not grant a new trial on the ground of excessive damages. It is true that there was a very great difference between the estimate of the damage to the property by the excavation, made by the defendant's witnesses, and that made by the plaintiff's witnesses. But how could this court determine which estimate was correct or the most reasonable? The damages allowed by the jury were even less than the estimate made by some of the witnesses. Could this court say, in such a case, that the damages are so excessive as to indicate that the jury were influenced and misled by passion, prejudice, or ignorance? Most certainly not. The verdict is sustained by an abundance of testimony, and there is no apparent preponderance of the evidence against it. The premises consisted of an acre of improved grounds for suburban residence. There was a large and costly dwelling-house, with suitable outhouses and barns. The grounds were laid out with walks and driveways, and were ornamented with shrubbery, shade and fruit trees. They were well fenced along the street, and accessible from the street, with but little elevation above it. A part of the premises not actually needed as a part of the homestead was laid out into lots and platted. By this unlawful excavation of the street by the city it was cut down below the premises from a few feet at one end to a depth of many feet at the other. To make the property again available, it

had to be graded off the whole distance to adapt it to this deep excavation of the street, and even then the street would be only accessible by an inclined plane. The utility and convenience of the property for residence were greatly impaired. The estimate of the damages by the number of cubic yards of earth to be removed to adapt the premises to the street is a proper element of damage, but quite too limited to embrace the whole of it. Eighteen hundred dollars, according to the evidence, would seem to be very reasonable, and clearly within, if not below, the estimate of the witnesses generally.

*By the Court.*— The judgment of the circuit court is affirmed.