SHIRLEY, Respondent, vs. CITY OF WAUKESHA, Appellant.

*January 31—February 21, 1905.*

*Municipal corporations: Special assessments for improvements: Vol-
untary payment: Reassessment.*

1. In proceedings for the improvement of a street under a city char-
   ter, the assessment of benefits having been confirmed upon
   due notice to all persons interested, and all subsequent steps
   having been taken in accordance with the charter and upon due
   notice, payment of the assessment against an abutting lot, made
   by the owner's agent in charge thereof without protest or ob-
   jection, was a voluntary payment, and the money paid cannot
   be recovered back.
2. A lotowner who has voluntarily paid an assessment of the bene-
   fits from a street improvement cannot thereafter maintain an
   action to set aside such assessment and for a reassessment.

APPEAL from a judgment of the circuit court for Wauke-
sha county: JAMES J. DICK, Circuit Judge. *Reversed.*

At the times mentioned in the complaint defendant was a
municipal corporation organized and existing under the gen-
eral city charter law of the state of Wisconsin, and plaintiff
was the owner of the south fifty-three feet of lot 6, block 6,
Cutler's addition to the city of *Waukesha.* In May, 1900,
the common council of defendant by resolution duly author-
ized the grading and paving of West avenue in said city,
upon which avenue plaintiff's lot abuts. The board of public
works, pursuant to said resolution, proceeded to assess the ben-
efits and damages to the abutting property occasioned by the
improvement, and assessed $120 benefits against plaintiff's
property, and on December 3, 1900, duly filed its report with
the city clerk of defendant city, purporting to be in accord-
ance with law in such cases made and provided as to bene-
fits and damages to the property owners on said West avenue
by reason of the improvement, which report showed that the
property, including that owned by the plaintiff, was not dam-

aged by the improvement. Due notice was given to all property owners, as required by law, of the making of said assessment of benefits and damages, and of the filing of said report, and of the time and place for review and hearing objections to such assessment and report, and upon such hearing said report was confirmed. Afterwards, and in accordance with sec. 925—191, Stats. 1898, due proceedings were had and notice given to all property owners that the work had been completed, and unless they paid their assessment improvement bonds would be issued. After the work of said improvement had been duly approved the contractor doing the same received a certificate therefor issued in July, 1901, as to the parcel of land described in the plaintiff's complaint.

On July 16, 1903, this action was brought to set aside the assessment against plaintiff's property and for reassessment of benefits and damages. Defendant demurred for want of facts sufficient to constitute a cause of action, which was overruled. Defendant answered, setting up, among other things, that one J. K. Randle was managing agent of plaintiff and had charge of her property and full knowledge of the acts and things done by defendant in relation to the improvement, and that plaintiff, through her agent, voluntarily paid the assessment for said improvement.

The court below found that the common council duly directed the board of public works to make the improvement; that the property of plaintiff was assessed as to benefits in the sum of $120; that prior to the commencement of this action plaintiff paid to the city clerk of defendant, through her agent, the amount of the benefits assessed by reason of said improvement; and further found that the assessment of benefits and damages by reason of the improvement in front of plaintiff's property was arbitrary and should be set aside, and a reassessment of benefits and damages as to plaintiff's property had, and directed judgment, with costs. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Henry Lockney,* attorney, and *H. J. Frame,* of counsel, and oral argument by *Mr. Frame.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* and oral argument by *T. E. Ryan.*

KERWIN, J.   Upon the undisputed evidence in this case the payment of assessment against plaintiff's property must be regarded as a voluntary payment with full knowledge of the facts upon which such assessment was made.   It appears that the board of public works proceeded under the charter to make the improvement in question by authority of the common council, and filed its report as required by law, which showed assessment of benefits against plaintiff's property. Subsequent proceedings were had in accordance with the charter, and notice duly given to all parties interested of the meeting of the board to hear objections to the assessment of benefits, and upon due notice and hearing the assessment of benefits, including the assessment against plaintiff's property, was confirmed.   The report of the board of public works and proceedings thereon were open to inspection by plaintiff and all parties interested.   The street was improved, and the certificate provided for by the charter of defendant city issued to the contractor who performed the work.   Notice was given to property owners that, unless they paid such certificates, bonds would be issued at the expiration of thirty days.   The agent of plaintiff, who had charge of her property, paid the assessment for plaintiff without any protest or objection.   No evidence of want of notice was offered upon the trial.   Upon the undisputed facts the plaintiff must be deemed to have had notice of all the proceedings in making the improvement and assessing the benefits and damages.

In the light of the evidence in this case we must hold that plaintiff paid the assessment in question voluntarily, and should be charged with knowledge of the proceedings of the

board of public works. *Babcock v. Fond du Lac,* 58 Wis. 230, 16 N. W. 625. It is well settled that where one voluntarily pays money upon a claim with full knowledge of the facts upon which such claim is founded he cannot recover the money back on the ground that such claim was unenforceable. 22 Am. & Eng. Ency. of Law (2d ed.) 609, and cases cited; *Gage v. Allen,* 89 Wis. 98, 61 N. W. 361; *Custin v. Viroqua,* 67 Wis. 314, 30 N. W. 515. And this general doctrine applies to the payment of taxes. Hence taxes voluntarily paid, in the absence of fraud, misrepresentations, duress, or coercion, cannot be recovered back. *Little v. Bowers,* 134 U. S. 547, 10 Sup. Ct. 620; *Railroad Co. v. Comm'rs,* 98 U. S. 541; *Babcock v. Fond du Lac, supra; Rutledge v. Price Co.* 66 Wis. 35, 27 N. W. 819; *Powell v. St. Croix Co.* 46 Wis. 210, 50 N. W. 1013.

From this well-settled doctrine it is clear that the plaintiff could not recover in an action at law the money paid to the city clerk of defendant city upon the assessment against her property. It is equally clear that she cannot maintain the present action for reassessment, which is based upon the theory of reducing or extinguishing the assessment of benefits, since she could not profit by such reduction, having voluntarily paid the whole amount of the assessment. The litigation, therefore, in any event, would prove fruitless, and the plaintiff has no cause of action.

From the view we have taken of this case it becomes unnecessary to consider other questions discussed by counsel.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to dismiss the complaint.